## AUSTIN *v.* McLAIN.

ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.

> In an action of ejectment, the question as to whether plaintiff had acquired title to the strip of land in dispute by adverse possession, *held*, properly submitted to the jury.[1]

Error to Oakland; Covert (Frank L.), J.    Submitted April 17, 1925.    (Docket No. 14.)    Decided October 27, 1925.

Ejectment by Perry Austin against Joseph E. McLain and others.    Judgment for plaintiff.    Defendants bring error.    Affirmed.

*Perry & Lynch* (*Clarence G. Hill,* of counsel), for appellants.

*Andrew L. Moore,* for appellee.

---

[1]Adverse Possession, 2 C. J. § 622.

232—Mich.—32.

BIRD, J.    This is an action of ejectment.    Plaintiff had verdict at the hands of the jury.    Defendants assign error.

The facts appear to be that plaintiff, Perry Austin, purchased, in 1906, a lot on the north side of Walled Lake, in Oakland county.    There is a public highway which skirts around the north end of the lake at this point, and it is so situate that it leaves a narrow strip of land between the highway and the high water mark. The south line of plaintiff's lot extended only to this highway, but when he took possession of his lot he also took possession of the narrow strip between the highway and the water.    His claim is that his acts, conduct and claims have been such during the intervening time of 16 years that he has acquired title to the same by adverse possession.

Beside the description of this parcel the declaration contained the description of another parcel, a narrow strip of land on the east side of plaintiff's lot, which he claimed the defendant, McLain, had wrongfully taken possession of.    During the progress of the trial it was disclosed by Mr. McLain, upon cross-examination, that he did not claim to own this strip of land on the north side of the highway, as described in the declaration.    The concession eliminated this description, and left the contest on the narrow strip on the south side of the highway.

McLain owned the lot immediately adjoining the plaintiff's lot on the east.    Soon after purchasing it, in 1920, he lost his house by fire, and he built two cottages on the lot on the north side of the highway and one cottage and a garage on the land south of the highway.    In doing this he located the house and garage so far west that they were partially upon plaintiff's land, as is claimed.    Plaintiff made a demand that he remove them.    He refused, and this lawsuit resulted.

The survey shows that if the east line of plaintiff's lot were projected to the water's edge, a portion of defendant's cottage and garage was on plaintiff's land. There cannot be much question about this line.     Plaintiff and McLain's predecessor renewed the fence several years ago, and from the testimony it appears that that fence has existed about 35 years, and has been recognized by McLain's grantors as the true line. McLain's lot until recently was described on the south by the highway, but in recent conveyances it has been extended to the water.     As a matter of fact he has no record title of any value of that portion lying between the highway and the water.

Defendant's principal claim is that the court should have directed a verdict for the defendant.     He asserts that the proofs are not sufficient to submit to a jury. The proofs show that plaintiff, at the time of taking possession of his lot on the north side of the highway, or soon after, took possession of the narrow strip on the south side of the highway; that he cleaned up the shore, mowed the grass and weeds each year, set out trees, trimmed them, cut up trees that had blown down, built a dock, and paid the taxes.     He did these things under a claim of ownership.     No one interfered with his possession for 16 years.     We think, under these circumstances, the court was well within its authority in submitting to the jury the question as to whether plaintiff had acquired title to the same by adverse possession.

Counsel further complain that under the verdict of the jury they are not advised how much of the narrow strip lying between the highway and the water was owned by plaintiff.     Plaintiff's counsel suggests that he is not concerned in how much plaintiff owns, that it is enough for him to know that his house and garage in part are on plaintiff's land.     The declaration describes the land in controversy and the proofs

in the case apply to all that part of the land in front of his lot. We think there should be no trouble about this. The trial court submitted the question of fact to the jury in a very lucid charge, and the jury have found for plaintiff, and defendant must be content with the finding.

The judgment is affirmed.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.